**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3999-22

ANGELA M. CAFFERATA,

    Plaintiff-Appellant,

v.

ABDEL M. ABDALLA,

    Defendant-Respondent.

_____

        Submitted October 16, 2025 – Decided December 12, 2025

        Before Judges Mayer and Jacobs.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FD-18-0355-17.

        Angela M. Cafferata, self-represented appellant.

        Abdel M. Abdalla, self-represented respondent.

PER CURIAM

    Plaintiff appeals from orders granting defendant's motion to reduce child support and denying her motion for reconsideration. She contends the trial court

erred by failing to demonstrate changed circumstances sufficient to warrant a modification and omitting the required findings of fact and conclusions of law pursuant to Rule 1:7-4. We affirm.

I.

Plaintiff and defendant, who were never married, share one child, Jacob, born in 2005. Litigation between the parties over custody and child support has proceeded under various docket numbers since Jacob was three years old. Our summary of the procedural history is limited to the orders on this appeal.

In December 2022, during Jacob's senior year of high school, defendant moved for a reduction in child support, claiming changed circumstances consisting of financial support for two dependent children with his current wife. Through tax returns and recent pay stubs, he further challenged the fairness of the $60,000 annual income imputed to him under prior court orders. Plaintiff cross-moved to enforce litigant's rights, arguing defendant failed to comply with orders fixing a schedule for reimbursement of expenditures made on Jacob's behalf.

The court conducted a plenary hearing on March 28, 2023, with both parties testifying as the sole witnesses. In support of her contention that defendant had not demonstrated a change in circumstances sufficient to warrant

A-3999-22

a child support modification, plaintiff relied on previous orders denying defendant's applications for child support reduction. As the court aptly observed, "child support obligations are always modifiable . . . [T]he fact that [the court] entered an order in 2019 has absolutely almost nothing to do with child support in 2023."

Following testimony, the court directed the parties to submit supplemental proofs regarding the income of defendant's spouse and plaintiff's expenditures related to Jacob.

After "meticulously review[ing] all documents submitted," the court issued an April 28 order, adjusting defendant's annual income from the imputed $60,000 to $33,280. Together with consideration of defendant's spousal income, the court recalculated defendant's weekly child support obligation pursuant to the guidelines, resulting in a decrease from $159 to $29.[1] Finally, concerning reimbursement of plaintiff's expenditures for Jacob, the court calculated plaintiff incurred $2,033. The court assigned responsibility for that amount — 61% to plaintiff and 39% to defendant — in accordance with the recalculated guidelines.

---

[1] See Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendices IXA (14)(c)(2) and IX-D to R. 5:6A, www.gannlaw.com (2026).

A-3999-22

Plaintiff moved for reconsideration, arguing the court erred by not requiring defendant to first submit an updated case information statement (CIS). Extrapolating from the purported value of defendant's home, extensive vacations, and luxury vehicles, plaintiff further argued defendant misrepresented his assets and income. She suggested defendant's wife was complicit in manipulating his actual income because she oversaw payroll at his place of employment. Plaintiff also claimed defendant garnered additional income from two LLCs. Defendant countered that the LLCs belonged to his wife, denied earning more than his reported income, and noted he had a mortgage on his home.

Plaintiff again relied on the previous orders denying defendant's request to modify child support. The court noted "that child support obligations are always subject to modification" and explained it was not bound by the 2019 order denying a reduction in child support.

In an August 15 order, the court denied plaintiff's motion for reconsideration, accompanied by a written statement of reasons supplementing its findings as placed on the record during oral argument. In that order, the court required defendant to submit a profit and loss statement regarding the LLCs. The court also directed the parties and Jacob to submit CISs addressing college-

4

related expenses under <u>Newburgh v. Arrigo</u>, 88 N.J. 529 (1982).[2]  The court further detailed the breakdown of responsibility for the outstanding expenditures in its April 28 order.  In view of the parties' ongoing conflict and lack of cooperation, the court required plaintiff to send defendant the relevant invoices to allow defendant to pay his share directly to the providers rather than through plaintiff.

This appeal followed.

As argued before the motion court, plaintiff contends the court failed to recognize defendant's pattern of misstatements and inadequate financial disclosures.  She contends defendant's income and expenses were previously litigated, and that his evidence presented was neither new nor credible.  Plaintiff further asserts the trial court failed to make explicit findings as to changed circumstances or credibility, as required by <u>Rule</u> 1:7-4, and did not adequately explain its rationale for the reduction in child support.

---

[2]  Submission of CISs in child support summary actions is optional.  <u>See</u> <u>R</u>. 5:5-2 ("The case information statement required by this rule shall be filed and served in all contested family actions, except summary actions, in which there is any issue as to custody, support, alimony or equitable distribution. In all other family actions, a case information statement may be required by order on motion of the court or a party.").

A-3999-22

Defendant responds that his application demonstrated changed circumstances because his documented income no longer aligned with imputed income and because earlier rulings did not adequately account for his two additional children. He argues the trial court adhered to applicable child support guidelines, considered all relevant financial information, and that the decision to reduce his child support obligation was neither arbitrary nor unsupported by the evidence.

## II.

We defer to a Family Part court's findings in recognition of its special jurisdiction and expertise in family matters. Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). Such findings will be disturbed only if they are "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence." Ibid. (quoting Cesare, 154 N.J. at 413). However, we afford no deference to the court's interpretation of law. Thieme v. Aucoin-Thieme, 227 N.J. 269, 272 (2016). Accordingly, we review its legal conclusions de novo. Ibid.

Child support orders may be amended by the court as circumstances may require. N.J.S.A. 2A:34-23(a)(1)-(10); Rule 5:6A; Lepis v. Lepis, 83 N.J. 139,

157 (1980). The party seeking modification bears the burden of showing changed circumstances that warrant an alteration in the prior order. Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012); J.B. v. W.B., 215 N.J. 305, 327-28 (2013). Such changes may include a significant increase or decrease in income, new dependents, or other financial circumstances. J.B., 215 N.J. at 327-28. Once a prima facie showing is made, the court must then determine the appropriate level of support based on the current circumstances. Ibid.

A trial court's modification of child support will not be disturbed unless it is "manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." J.B., 215 N.J. at 325-26 (internal citations omitted).

Rule 1:7-4 requires a judge to make findings of fact and state conclusions of law on every written order appealable as of right. While a trial court's findings may have been brief or implicit, an appellate court may fill in the evidence if the factual basis is otherwise clear and supported by the record. See Farmingdale Realty Co. v. Farmingdale, 55 N.J. 103, 106 (1969); R. 2:10-5.

On review of the record, we discern no abuse of discretion in the trial court's reduction of defendant's child support obligation. During the litigation, the court previously imputed an annual income of $60,000 to defendant due to

7

lack of documentation and credibility issues. However, at the plenary hearing for the orders on appeal, defendant provided pay stubs and tax returns reflecting an annual income of $33,280, approximately half the previously imputed amount. Moreover, it is undisputed that defendant now supports two additional minor children residing in his household, a factor which must be considered in child support calculations under New Jersey's guidelines and case law. Martinez v. Martinez, 282 N.J. Super. 332, 341-42 (Ch. Div. 1995). The reduction in both defendant's income and his increased responsibility for two additional dependents amply supports the trial court's determination of a change of circumstances warranting downward modification.

Although the reduction from $159 to $29 per week is significant, the trial court applied the child support guidelines worksheet without deviation, and plaintiff points to no specific error in the income figures or application of the guidelines. There is no basis to reverse or remand solely on the requirement of more detailed findings. As required, the court referenced documents and other evidence of the parties' current incomes, their respective standards of living and economic circumstances, as well as the needs of defendant's minor children, and Jacob's capacity for education and need for ongoing support. N.J.S.A. 2A:34-23(a)(1)-(10).

Based on our review of the record, we are satisfied the trial court closely examined apparent discrepancies between defendant's reported income and lifestyle. In the absence of credible evidence demonstrating underemployment or hidden income that would justify imputation, we decline to disturb the trial court's ruling.

Even if this court disagreed with the trial court's ruling, which we do not, that would not evidence an abuse of discretion warranting reversal. This was not a case where the trial court's findings were "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).

Although the court did not expressly employ the term "change in circumstances," it was not required to do so. The record reflects the trial court's findings were supported by adequate, substantial, credible evidence in the record, including the parties' testimony. The evidence as a whole demonstrated a change in circumstances sufficient to support the resulting modification of child support.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9                                                          A-3999-22